IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GENERAL DYNAMICS LAND SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05-270C |
| v. | ) | |
| | ) | (Judge Horn) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER TO COMPLAINT**

For its answer to the complaint, defendant admits, denies, and alleges as follows:

**NATURE OF THIS ACTION**

1. The allegations contained in paragraph 1 are plaintiff's characterization of this action or conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

**JURISDICTION**

2. The allegations contained in paragraph 2 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

3. Denies the allegations contained in the first sentence of paragraph 3, except to admit that, on or about October 20, 2003, plaintiff submitted to Trudy H. Morency, CPCM, Divisional Administrative Contracting Officer, Defense Contract Management Agency, a document titled "Request for Equitable Adjustment under Various Contracts for Costs Improperly Subjected to Statutory Executive Compensation Cap;" admits the allegations contained in the second and third sentences of paragraph 3 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the second and third sen-

tences of paragraph 3.

4. Admits the allegations contained in paragraph 4 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 4.

5. Admits the allegations contained in paragraph 5 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 5.

6. Admits the allegations contained in paragraph 6 that plaintiff's Vice President and Controller, a corporate officer, signed the November 7, 2003 claim and that the November 7, 2003 claim document contained a certification to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies those allegations; the remainder of the allegations contained in paragraph 6 are conclusions of law to which no response is required.

7. The allegations contained in paragraph 7 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

8. Admits.

**PARTIES**

9. Admits.

10. Denies the allegations contained in the first sentence of paragraph 10, except to admit that plaintiff is a prime contractor upon certain contracts awarded by defendant and that plaintiff also enters and performs subcontracts relative to other contracts awarded by the United States; admits the allegations contained in the second sentence of paragraph 10.

11. Denies the allegations contained in paragraph 11, except to admit that defendant is the United States, acting through the Defense Contract Management Agency and its Divisional Administrative Contracting Officer.

## STATEMENT OF FACTS

12. The allegations contained in paragraph 12 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted, except to admit that, prior to November 18, 1997, plaintiff and defendant entered numerous contracts.

13. Admits the allegations contained in paragraph 13 to the extent supported by the cited provisions of the Federal Acquisition Regulation (FAR), which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 13; defendant respectfully refers the Court to the cited FAR provisions for a complete statement of their contents.

14. The allegations contained in paragraph 14 are plaintiff's characterization of this action or conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied; defendant respectfully refers the Court to the cited FAR provision for a complete statement of its contents.

15. The allegations contained in paragraph 15 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

16. Admits the allegations contained in paragraph 16 to the extent supported by the cited FAR provision, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 16; defendant respectfully refers the Court to the cited FAR provision for a

complete statement of its contents.

17. Admits the allegations contained in paragraph 17 to the extent supported by the cited FAR provision, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 17; defendant respectfully refers the Court to the cited FAR provision for a complete statement of its contents.

18. Admits the allegations contained in paragraph 18 to the extent supported by the cited FAR provision, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 18; defendant respectfully refers the Court to the cited FAR provision for a complete statement of its contents.

**COUNT I**
**THE GOVERNMENT'S BREACH OF CONTRACT**

19. Denies the allegation contained in paragraph 19, except to admit that the National Defense Authorization Act for Fiscal Year 1998, Pub. L. No. 105-85, 111 Stat. 1629 (1997), was enacted on November 18, 1997.

20. Admits the allegations contained in paragraph 20 to the extent supported by the cited statute, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 20; defendant respectfully refers the Court to the cited statute for a complete statement of its contents.

21. Admits the allegations contained in paragraph 21 to the extent supported by the cited document, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 21.

22. The allegations contained in paragraph 22 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

23. Denies.

24. Denies.

25. The allegations contained in paragraph 25 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

**COUNT II**
**GENERAL DYNAMICS' JUDGMENT AGAINST THE UNITED STATES PRECLUDES THE GOVERNMENT FROM RELITIGATING THE EXECUTIVE COMPENSATION ISSUE**

26. Admits the allegations contained in paragraph 26 to the extent supported by the cited decision, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 26.

27. Denies the allegations contained in the first and second sentences of paragraph 27; the allegations contained in the third sentence of paragraph 27 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

28. Denies the allegations contained in the first sentence of paragraph 28; the allegations contained in the second sentence of paragraph 28 are conclusions of law to which no response is required; defendant respectfully refers the Court to the cited decision for a complete statement of its contents; denies the allegations contained in the third and fourth sentences of paragraph 28, except to admit that the parties in General Dynamics Corp. v. United States, No. 99-45C (Fed. Cl.), did not stipulate that it was a "test case" or that the ruling in that litigation applies to any

contract other than the contract at issue in that litigation; the court in General Dynamics Corp. v. United States, 47 Fed. Cl. 514 (2000), moreover, did not characterize that litigation as a "test case" or state that the holding in General Dynamics applies to any contract other than Contract No. N00024-96C-2100.

29. The allegations contained in the first sentence of paragraph 29 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied; the allegations contained in the second sentence of paragraph 29 are conclusions of law to which no response is required; defendant respectfully refers the Court to the cited decision for a complete statement of its contents; the allegations contained in the third sentence of paragraph 29 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

30. The allegations contained in paragraph 30 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

31. Denies.

32. Admits the allegations contained in paragraph 32 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 32.

33. Admits the allegations contained in paragraph 33 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 33.

34. Denies the allegation contained in paragraph 34 for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted, except to admit that the United

States was fully represented in General Dynamics Corp. v. United States, No. 99-45C (Fed. Cl.).

35. The allegations contained in paragraph 35 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

36. Denies that plaintiff is entitled to the relief set forth in the prayer for relief following paragraph 35.

37. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/John E. Kosloske
JOHN E. KOSLOSKE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 8012
Washington, D.C. 20530
Tele: (202) 307-0282
(fax) (202) 514-8624

Attorneys for Defendant

OF COUNSEL:

DOUGLAS JACOBSON, ESQ.
Contract Disputes Resolution Center
Defense Contract Management Agency
Ft. Snelling, MN

JUNE 1, 2005