IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GENERAL DYNAMICS LAND SYSTEMS, INC., Plaintiff, | ) | No. 05-270C |
| v. | ) | (Judge Horn) |
| THE UNITED STATES, Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff, General Dynamics Land Systems, Inc., and defendant, the United States, respectfully submit the following joint preliminary status report:

**a. Does the Court have jurisdiction over this action?**

Plaintiff and defendant state that jurisdiction is conferred upon this Court pursuant to the Contract Disputes Act, 41 U.S.C. §§ 601-613 (2000).

**b. Should the case be consolidated with any other case?**

No.

**c. Should the trial of liability and damages be bifurcated?**

No.

**d. Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal?**

No.

**e. Will a remand or suspension be sought?**

Plaintiff proposes suspending the proceeding for 60 days to permit the parties to negotiate and resolve damages issues. *See infra* Section (h).

Defendant opposes the suspension of the proceedings in this case proposed by plaintiff.

**f. Will additional parties be joined?**

No.

**g. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is a proposed schedule for the intended filing?**

Plaintiff states that it may file a motion pursuant to RCFC 56 with respect to certain damages-related issues within 60 days of the close of discovery in this case, if the parties are unable to resolve all quantum issues.

Defendant states that it may file a motion pursuant to RCFC 56 with respect to certain damages-related issues within 60 days of the close of discovery in this case.

**h. What are the relevant factual and legal issues?**

Plaintiff states that when it filed its complaint in this case, and when Defendant filed its answer, Defendant had not yet conceded liability on the "Affected Contracts." It has now done so. *See infra* Section (l). Defendant's stipulation of breach of the "Affected Contracts" effectively means that the parties may proceed to an assessment of damages. Plaintiff proposes a suspension of 60 days, to September 26, 2005, during which the parties will seek to negotiate and resolve damages issues. If the parties are unable to resolve some or all of those damages issues by that date, the parties will resume this litigation per the schedule proposed in Section (m).

Defendant states that it has conceded that the Section 808 Compensation Cap breached, or resulted in the breach of, 10 of the 13 contracts included in the "Affected Contracts" referred to at ¶ 1 of the Complaint filed in this case. Plaintiff has agreed to dismiss with prejudice its claims with respect to the other three contracts among the "Affected Contracts." *See infra* ¶ *l*.

Defendant further states that the relevant factual and legal issues appear to be as follows:

1. What is the appropriate measure of damages for the breach of contract in this case?

2. What is the appropriate amount of damages for the breach of contract in this case?

3. Damages Issues Relating To General Dynamics Corporate Headquarters

   Regarding plaintiff's proposed previously-excluded compensation with amortized restricted stock (PECARS) for General Dynamics corporate headquarters executives subject to section 808 of the National Defense Authorization Act for Fiscal Year 1998, Pub. L. No. 105-85, 111 Stat. 1629, 1836-38 (November 18, 1997) (the Section 808 Compensation Cap):

   (a) Whether the proposed PECARS should have included contributions by General Dynamics Corporation (GDC) to the Savings and Stock Investment Plan of covered executives for the years 1998 and 1999.

   (b) Whether the proposed PECARS does not account for the compensation limitations of $340,650 for FY 1998 and $342,986 for FY 1999 to one of the covered executives (the retired CEO) for those years and, if so, whether the proposed PECARS should have accounted for the compensation limitations for those years.

   (c) Whether, for those covered senior executives who participated in expressly unallowable activities, the compensation limitation should be reduced by the percentage of time attributable to unallowable activities and, if so, the amount by which the compensation limitation should be reduced.

   (d) Whether, for each year in plaintiff's claim, the proposed PECARS improperly includes compensation for a sixth and/or seventh senior executive.

   (e) Whether the proposed PECARS improperly includes compensation costs for covered executives relating to unallowable activities and, if so, the amount of such compensation costs.

   (f) Whether the proposed PECARS for covered executives is reasonable, as required by FAR 231.205-6(b), and, if not, the amount of compensation for each covered executive that is reasonable.

(g) Whether, absent enactment of the Section 808 Compensation Cap, any of the contracts that are the subject of plaintiff's claim would have been subject to any of the compensation limitations at DFARS 231.205-6(a) and, if so, the extent to which the proposed PECARS includes compensation that should have been excluded by virtue of any of the compensation limitations at DFARS 231.205-6(a).

(h) Whether, for contract(s) included in plaintiff's claim awarded after September 25, 1996, the proposed PECARS for covered executives improperly includes restricted stock costs attributable to additional shares of stock awarded to covered executives based upon changes in the price of the stock after the grant date, in violation of FAR 231.205-6(i), effective on September 26, 1996, and, if so, the amount of such costs.

(i) Whether the allocation of bonus and restricted stock costs of covered executives to the Financial Services overhead costs pool was proper and, if not, whether such costs should have been assigned to the Residual overhead costs pool, consistent with GDC's method of recording those costs.

(j) Whether the percentages used to allocate from GDC to General Dynamics Land Systems, Inc. proposed PECARS assigned to the Residual overhead costs pool are accurate.

(k) Whether GDC's computation of the three-factor residual expenses corporate allocation formula for the years 1998-2002 violated CAS 403.50(c)(2).

4. Damages Issues Relating To General Dynamics Land Systems, Inc. (GDLS)

Regarding plaintiff's proposed PECARS for GDLS executives subject to the Section 808 Compensation Cap:

(a) Whether the proposed PECARS should have included contributions by GDLS to the Savings and Stock Investment Plan of covered executives for the years 1998 and 1999.

(b) Whether, for CY 1999, plaintiff improperly calculated proposed PECARS using a compensation limitation of $257,240 instead of $342,986.

(c) Whether the proposed PECARS improperly includes compensation for executives whose compensation did not exceed the Section 808 Compensation Cap.

(d) Whether the proposed PECARS for covered executives is reasonable, as required by FAR 231.205-6(b), and, if not, the amount of compensation for each covered executive that is reasonable.

(e) Whether, absent enactment of the Section 808 Compensation Cap, any of the contracts that are the subject of plaintiff's claim would have been subject to any of the compensation limitations at DFARS 231.205-6(a) and, if so, the extent to which the proposed PECARS includes compensation that should have been excluded by virtue of any of the compensation limitations at DFARS 231.205-6(a).

**i. What is the likelihood of settlement? Is alternative dispute resolution contemplated?**

The parties have not agreed to alternative dispute resolution. However, the parties have agreed to explore a settlement of plaintiff's claim upon the completion of discovery in this case.

**j. Do the parties anticipate proceeding to trial? Does either party, or do the parties jointly, request expedited trial scheduling? What is the requested place of trial?**

The parties do not do not request expedited trial scheduling. A trial may be necessary to resolve the measure and/or quantum of damages. If a trial is necessary, the trial should be held in Washington, D.C.

**k. Are there special issues regarding electronic case management needs?**

No.

**l. Is there any other information of which the Court should be aware at this time?**

Yes. The parties agree and stipulate as follows:

1. Defendant agrees and stipulates that the enactment of § 808 of the National Defense Authorization Act for Fiscal Year 1998, Pub. L. No. 105-85, 111 Stat. 1629, 1836-38 (November 18, 1997) breached, or resulted in the breach of, the following contracts among the "Affected Contracts" referred to at ¶ 1 of the Complaint filed in this case:

Contract No. DAAE07-96-C-X195
Contract No. M67854-96-C-0038
Contract No. DAAM01-96-C-0028 (only as to CPFF Line Items 0003, 0048)
Contract No. DAAE07-94-C-0727
Contract No. DAAA09-94-C-0444
Contract No. DAAE07-92-C-0957
Contract No. DAAE07-92-C-0282
Contract No. DAAE07-93-C-R102
Contract No. DAAE07-90-C-A001
Contract No. DAAE07-83-C-A007

2. Plaintiff agrees and stipulates to the dismissal with prejudice of its claims for breach of contract with respect to the following contracts among the "Affected Contracts" referred to at ¶ 1 of the Complaint filed in this case:

Contract No. DAAE07-94-C-A006
Contract No. DAAE07-95-C-X070
Contract No. MGDL-93-C-0002

**m. <u>What is the proposed scheduling plan?</u>**

<u>Defendant</u> proposes the following pretrial schedule:

1. The initial disclosures required by RCFC 26(a)(1) shall be made on or before August 15, 2005.

2. All discovery (other than discovery with respect to expert witnesses), including interrogatories, document production requests, requests for admission, and depositions of fact witnesses, shall be completed by January 13, 2006.

3. The expert testimony disclosures required by RCFC 26(a)(2)(A) & (B) shall be made no later than February 13, 2006.

4. The expert testimony disclosures required by RCFC 26(a)(2)(C) shall be made no later than April 11, 2006.

5. Depositions of expert(s) of experts shall be completed no later than May 26, 2006.

6. No later than fifteen (15) days after the completion of discovery, the parties shall file a joint status report setting forth, jointly or, if the parties cannot agree, separately a proposed schedule for briefing any motion(s) to be filed pursuant to RCFC 56 or, if neither party intends to file a motion pursuant to RCFC 56, a proposed schedule for (a) the pretrial submissions required by ¶¶ 11-17 of Appendix A to

the Rules of the Court of Federal Claims and (b) trial.

Plaintiff proposes these dates be extended by 60 days to permit the parties to determine whether litigation of damages issues may be avoided by a negotiated resolution by September 26, 2005.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ John E. Kosloske
JOHN E. KOSLOSKE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 8012
Washington, D.C. 20530
Tele: (202) 307-0282
(fax)(202) 514-8624

Attorneys for Defendant

s/ David A. Churchill
DAVID A. CHURCHILL
Jenner & Block L.L.P.
601 13th Street, N.W., Suite 1200 South
Washington, D.C. 20005
Tele: (202) 639-6000
(fax) (202) 637-6370

Attorney for Plaintiff

JULY 25, 2005