IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GENERAL DYNAMICS LAND SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05-270C |
| v. | ) | |
| | ) | (Judge Horn) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**STIPULATION FOR ENTRY OF JUDGMENT**

For the purpose of disposing of the claims in the above-captioned action without further judicial proceedings and without there being a trial on the merits or adjudication of any issue of fact or law, and for no other purpose, the parties hereby stipulate and agree as follows:

1. This is an action for breach of contract subject to the Contract Disputes Act of 1978, as amended (41 U.S.C. §§ 601-13 (2000)), by plaintiff, General Dynamics Land Systems, Inc., a subsidiary of General Dynamics Corporation.

2. The complaint filed by plaintiff sought to recover executive compensation costs for the years 1998 through 2002 that, but for section 808 of the National Defense Authorization Act for Fiscal Year 1998, Pub. L. No. 105-85, 111 Stat. 1629, 1836 ("the Section 808 Compensation Cap"), allegedly would have been allocable to, and allowable under, the following thirteen (13) contracts entered prior to the enactment of the Section 808 Compensation Cap:

Contract No. DAAE07-96-C-X195
Contract No. M67854-96-C-0038
Contract No. DAAM01-96-C-0028
Contract No. DAAE07-94-C-0727
Contract No. DAAA09-94-C-0444
Contract No. DAAE07-92-C-0957
Contract No. DAAE07-92-C-0282
Contract No. DAAE07-93-C-R102

Contract No. DAAE07-90-C-A001
Contract No. DAAE07-83-C-A007
Contract No. DAAE07-94-C-A006
Contract No. DAAE07-95-C-X070
Contract No. MGDL-93-C-0002

3. In a stipulation filed in the above-captioned action, defendant stipulated that the enactment of the Section 808 Compensation Cap breached, or resulted in the breach of, the following contracts:

Contract No. DAAE07-96-C-X195
Contract No. M67854-96-C-0038
Contract No. DAAM01-96-C-0028
(only as to CPFF Line Items 0003, 0048)
Contract No. DAAE07-94-C-0727
Contract No. DAAA09-94-C-0444
Contract No. DAAE07-92-C-0957
Contract No. DAAE07-92-C-0282
Contract No. DAAE07-93-C-R102
Contract No. DAAE07-90-C-A001
Contract No. DAAE07-83-C-A007

4. In a stipulation filed in the above-captioned action, plaintiff agreed that the following contracts are not eligible for inclusion in the list of contracts allegedly affected by defendant's breach of contract and removed them from the list of contracts allegedly affected by defendant's breach of contract:

Contract No. DAAE07-94-C-A006
Contract No. DAAE07-95-C-X070
Contract No. MGDL-93-C-0002

5. Plaintiff has offered to compromise its claims in this litigation in exchange for a payment by the United States to plaintiff of $800,000, plus interest, pursuant to 41 U.S.C. § 611, from November 7, 2003, to date of payment.

6. Plaintiff's settlement offer has been accepted upon behalf of the Attorney General.

7. Defendant consents to the entry of a final judgment in favor of plaintiff in the amount of $800,000, plus interest, pursuant to 41 U.S.C. § 611, from November 7, 2003, to date of payment.

8. Plaintiff warrants and represents that it is the sole owner of the claims involved in the above-captioned action and that no assignment or transfer of these claims or any portion of them has been made. Plaintiff further warrants and represents that no other action or suit with respect to these claims is pending or will be filed in, or submitted to, any other court or administrative or legislative body, including, but not limited to, the General Accounting Office. In the event that plaintiff violates any of these warranties or representations, plaintiff shall repay the United States the full amount paid to plaintiff pursuant to this Stipulation, together with interest at the rate set forth in 41 U.S.C. § 611, computed from the date of the payment of the judgment to be entered in this case. Plaintiff shall be liable to the United States for all costs, including attorney fees, incurred by the United States in any proceeding, judicial or otherwise, brought by the United States (including any official thereof) against plaintiff to enforce the remedy established by this paragraph for a violation of the warranties or representations made by plaintiff in this paragraph.

9. This Stipulation will not prejudice or otherwise affect the rights of either party with respect to any other litigation or factual situation, except as expressly provided above, and is not related to or concerned with income or other Federal taxes, if any, for which plaintiff may be liable or in the future may become liable.

10. The parties represent and warrant that the undersigned representatives are authorized and have the power to enter into and bind the parties to the terms of this Stipulation.

11. This Stipulation shall be binding upon, and shall inure to the benefit of, the parties and their agents, representatives, successors, assigns, parents, subsidiaries, affiliates, branches, and departments.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director
Authorized Representative
of the Attorney General

s/ David A. Churchill
DAVID A. CHURCHILL
Jenner & Block L.L.P.
601 13th Street, N.W., Suite 1200 South
Washington, D.C. 20005
Tele: (202) 639-6000
(fax) (202) 637-6370

Attorney for Plaintiff

s/ John E. Kosloske
JOHN E. KOSLOSKE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 8012
Washington, D.C. 20530
Tele: (202) 307-0282
(fax)(202) 514-8624

Attorneys for Defendant

NOVEMBER 15, 2005